UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE FARMER, | Case No. CV 16-589 DMG(JC) |
| Petitioner, | |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |
| MARTIN D. BITER, | |
| Respondent. | |

### I. SUMMARY

On January 27, 2016, petitioner Maurice Farmer ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition") with exhibits ("Petition Ex."). The Current Federal Petition challenges a May 2009 criminal judgment in Los Angeles County Superior Court Case BA306268-02 ("State Case" or "State Conviction"). (Petition at 2).

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II.   PROCEDURAL HISTORY[2]

### A.   State Conviction and Attempt to Appeal

On May 18, 2009, pursuant to a plea agreement, petitioner entered a no contest plea to one count of voluntary manslaughter and a guilty plea to one count of robbery, admitted that he personally and intentionally discharged a firearm in the commission of the robbery, and admitted that the offenses were committed for the benefit of, at the direction of, and in association with a criminal street gang.[3]

---

[1]Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . .  If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2]Unless otherwise indicated, the facts and procedural history set forth in this section are derived from dockets of the California Supreme Court and the California Court of Appeal, Second Appellate District ("California Court of Appeal" or "Court of Appeal") (available via http://appellatecases.courtinfo.ca.gov) of which this Court takes judicial notice and from court records in the Central District of California (CDCA), the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), and the United States Supreme Court ("U.S. Supreme Court") in the following cases of which this Court takes judicial notice:  (1) Maurice Farmer v. Martin D. Biter, CDCA Case No. CV 12-6557 DMG(CW) ("First Federal Petition" or "First Federal Action"); (2) Maurice Farmer v. Martin Biter, Ninth Circuit Case No. 13-56601 ("Ninth Circuit Action"); and (3) Maurice Farmer v. Martin Biter, Warden, U.S. Supreme Court Case No. 13-10709 ("U.S. Supreme Court Action").  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[3]Petitioner and two co-defendants were charged in an information with felony murder (committed when engaged in the commission of a robbery), in which it was also alleged that a principal personally and intentionally discharged a firearm; that all three defendants were active participants in a criminal street gang, and that the murder was carried out for the benefit, at the direction, and to further activities of the gang.  Petitioner was tried separately from his co-defendants; a mistrial was declared after petitioner's jury was unable to reach a verdict.  On the apparent eve of retrial, petitioner entered into a plea agreement pursuant to which the information was amended to add separate counts of voluntary manslaughter and robbery, and

(continued...)

On May 22, 2009, in accordance with the plea agreement, the court sentenced petitioner to a determinate term of twenty-five years in state prison.[4]

On January 25, 2010, petitioner filed an application in California Court of Appeal Case No. B221830 to file a belated notice of appeal.[5]  On February 2, 2010, the Court of Appeal denied the application on the grounds that "[t]he record indicate[d] [petitioner] waived the right to appeal as part of the plea agreement entered in the trial court" and petitioner "fail[ed] to state a viable reason to set aside the plea or to permit the filing of a belated notice of appeal."

### B.     State Habeas Petitions – 2010-2012

On April 1, 2010, petitioner constructively filed a habeas petition in the Los Angeles County Superior Court alleging ineffective assistance of counsel with respect to his plea and challenging his conviction and sentence for the firearm and gang enhancements.  In a reasoned order filed on May 4, 2010, the Superior Court denied the petition, rejecting petitioner's claim that his waiver of appeal was uninformed or involuntary, concluding that petitioner agreed to the plea disposition that included a specific sentence (which was in fact imposed), and finding that petitioner had failed to establish prejudice as a result of counsel's alleged deficient performance.  On May 21, 2010, petitioner submitted a notice of appeal which was returned to him by the Court of Appeal on May 26, 2010, with the admonition that

---

[3](...continued)
petitioner entered the pleas and admissions noted above in exchange for a determinate sentence.

[4]The negotiated sentence included consecutive terms of two years (one-third of the midterm of six years) for the voluntary manslaughter, two years (low term) for the robbery, twenty years for the firearm enhancement, and one year (one-third the midterm of three years) for the gang enhancement.

[5]This Court notes that petitioner has inaccurately attested under penalty of perjury that he did not seek permission to file a late appeal. (Current Federal Petition at 3 [response to question 5b], 19 [certification under penalty of perjury that foregoing is true and correct]).  Petitioner is admonished that falsely representing facts to the Court can, among other things, subject petitioner to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

denial of a habeas petition is not appealable and that review of the decision should be sought in a habeas petition filed in the California Court of Appeal.

On December 8, 2011, petitioner filed a habeas petition in California Court of Appeal Case No. B237720 challenging application of the firearm enhancement and his resulting sentence, and alleging ineffective assistance of counsel with respect to his plea. On December 21, 2011, the Court of Appeal denied relief, stating that it appeared "that petitioner, an active participant in the crimes, received a substantial benefit from the plea bargain" and concluding that petitioner had not shown that "counsel performed deficiently by obtaining the favorable plea bargain or that he suffered any prejudice whatsoever."

On January 9, 2012, petitioner filed another habeas petition in California Court of Appeal Case No. B238302, again challenging the firearm enhancement and alleging ineffective assistance of counsel with respect to the plea. On January 19, 2012, the Court of Appeal denied such petition as "substantially identical to [the] prior petition" and on the grounds that "[p]etitioner obtained an extremely favorable plea bargain" (noting that an equally culpable co-defendant was sentenced to "[fifty] years to life after a jury found him guilty of first degree felony murder") and failed to provide a "viable reason for the attempt to withdraw his plea."

On February 21, 2012, petitioner filed a habeas petition in California Supreme Court Case No. S200238, challenging his plea and sentence, and alleging ineffective assistance of counsel as set out above. On June 13, 2012, the California Supreme Court summarily denied such petition without comment or citation to authority.

///

///

### C. First Federal Petition/First Federal Action, Ninth Circuit Action and U.S. Supreme Court Action

On July 30, 2012, petitioner formally filed the First Federal Petition, again alleging that the firearm enhancement did not apply to him and therefore that his resulting sentence was illegal and unconstitutional, and that he received ineffective assistance of counsel with respect to his plea. On August 2, 2013, judgment was entered dismissing the First Federal Petition with prejudice as untimely. The Court's order denying a certificate of appealability was entered on the same date.

On September 5, 2013, petitioner filed a Notice of Appeal. On May 30, 2014, the Ninth Circuit denied petitioner's request for a certificate of appealability in the Ninth Circuit Action.

On October 6, 2014, the U.S. Supreme Court entered an order denying petitioner's petition for a writ of certiorari in the U.S. Supreme Court Action.

### D. State Habeas Petitions – 2015

On or about June 4, 2015, petitioner filed a habeas petition in the Los Angeles County Superior Court, again challenging the lawfulness of his sentence. (Petition at 3-4). The Superior Court denied such petition on or about the same date it was filed. (Petition at 4).

On or about July 10, 2015, petitioner filed another habeas petition in California Court of Appeal Case No. B265320, again claiming that his sentence was unlawful and that he received ineffective assistance of counsel. (Petition at 4). On August 28, 2015, the Court of Appeal denied such petition. (Petition at 4).

On September 16, 2015, petitioner filed another habeas petition in California Supreme Court Case No. S229434, again claiming that his sentence was unlawful and that he received ineffective assistance of counsel. (Petition at 4). On December 16, 2015, the California Supreme Court denied such petition with

///

citations to In re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Clark, 5 Cal. 4th 750, 767-69 (1993).

### E. Current Federal Petition

As noted above, on January 27, 2016, petitioner formally filed the Current Federal Petition. The Current Federal Petition appears to have been signed and provided to prison authorities for mailing on January 14, 2016, was postmarked January 19, 2016, and was received by the Clerk and lodged on January 26, 2016. Petitioner again challenges the judgment in the State Case, claiming that he received ineffective assistance of counsel in connection with his plea and that his sentence is unlawful.

The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[6]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

---

[6]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense.  Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000); Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

1  Petitioner's First Federal Petition was denied as untimely – a determination
2 which the Ninth Circuit has deemed to constitute a disposition on the merits. See
3 McNabb, 576 F.3d at 1030. Accordingly, the Current Federal Petition is
4 successive. Since petitioner filed the Current Federal Petition without
5 authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

6 **IV.  ORDER**

7  IT IS THEREFORE ORDERED that the Current Federal Petition is denied
8 and this action is dismissed without prejudice.

9  IT IS FURTHER ORDERED that the Clerk of the Court shall refer the
10 Current Federal Petition to the Ninth Circuit.

12 DATED: February 3, 2016

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE